**UNITED STATES of America,**
**Appellee,**

v.

**Erlin LEVIA–ZAMBRANO, also known as Code 90, Defendant–Appellant.**

**No. 05–4386–cr.**

United States Court of Appeals,
Second Circuit.

Feb. 2, 2007.

**54**

———

Boyd M. Johnson III, Assistant United States Attorney (Michael J. Garcia, United States Attorney for the Southern District of New York, on the brief; Kevin R. Puvalowski, Assistant United States Attorney, of counsel), New York, NY, for Appellee.

Marjorie M. Smith, Piermont, NY, for Defendant–Appellant.

Present: Hon. AMALYA L. KEARSE, Hon. SONIA SOTOMAYOR, Circuit Judges, and Hon. JOHN G. KOELTL, District Judge.*

\* The Honorable John G. Koeltl, United States District Judge for the Southern District of

### SUMMARY ORDER

Defendant-appellant Erlin Levia–Zambrano appeals from an August 2, 2005 judgment of the United States District Court for the Southern District of New York (Scheindlin, J.) sentencing him principally to a term of seventy months' imprisonment pursuant to his plea of guilty to one count of conspiracy to distribute one kilogram or more of heroin in violation of 21 U.S.C. §§ 841 and 846. We assume the parties' familiarity with the underlying facts and procedural history.

Levia–Zambrano's sole argument on appeal is that his sentence is unreasonable because the district court did not correctly apply the 18 U.S.C. § 3553(a) factors when it imposed a sentence at the bottom of the applicable Guidelines range. This Court "presume[s], in the absence of record evidence suggesting otherwise, that a sentencing judge has faithfully discharged her duty to consider the statutory factors" enumerated in § 3553(a). *United States v. Fernandez,* 443 F.3d 19, 30 (2d Cir.2006). The record contains nothing to rebut this presumption, but instead reveals that the sentencing judge explicitly considered all of the § 3553(a) factors before imposing sentence. We therefore reject Levia–Zambrano's contention that his sentence was unreasonable.

For the foregoing reasons, the judgment of the district court is AFFIRMED.